# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JALIL H. HORACE, SR.,

    Plaintiff,

v.

    Case No: 6:19-cv-1972-Orl-28EJK

METALCRAFT OF MAYVILLE, INC.,

    Defendant.

_____

## ORDER

This case is before the Court *sua sponte*.

Federal courts have not only "the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir. 1985). Plaintiff, Jalil H. Horace, Sr. filed this case in state court, and Defendant, Metalcraft of Mayville, Inc. (Metalcraft), removed it to this Court. (Notice of Removal, Doc. 1). In its Notice of Removal, Metalcraft relies on 28 U.S.C. § 1332, asserting that subject-matter jurisdiction exists based on the parties' diverse citizenship. However, the allegations in the Notice of Removal do not establish that the parties are diverse.

Metalcraft adequately alleges its own citizenship, explaining that it is a citizen of Wisconsin because it is incorporated there and has its principal place of business there. (Doc. 1 ¶ 6). But as to Horace, Metalcraft alleges: "Plaintiff is a Florida citizen. Plaintiff's Complaint states that he lives in Florida." (Id. ¶ 5 (citing Compl. ¶ 3)). "The citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. Residence alone is insufficient." Eaton v. Vista Outdoors, Inc., Case No. 6:17-cv-

1096-Orl-37KRS, 2017 WL 3033782, at *1 (M.D. Fla. July 18, 2017) (citations omitted). Metalcraft's reliance on the residence allegation of the Complaint is not sufficient to establish Horace's citizenship. Thus, the Court cannot discern whether the parties' citizenship is diverse.[1]

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Accordingly, it is **ORDERED** that **no later than Friday, November 1, 2019**, Metalcraft shall file an amended notice of removal establishing this Court's subject-matter jurisdiction over this case.

**DONE** and **ORDERED** in Orlando, Florida, on October 21st, 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[1] The Court is satisfied that the amount-in-controversy threshold of 28 U.S.C. § 1332 is satisfied here based on the injuries alleged in the Complaint, which include Plaintiff's "substantially reduced ability to use his dominant right arm and hand," (Doc. 1-3 at 1).